NO. 07-00-0217-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 17, 2003

_____

JUAN GOVEA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431226; HONORABLE RON ENNS, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Juan Govea appeals from his conviction for murder and sentence of incarceration for life. We affirm.

During the early morning hours of July 10, 1999, Jose Jaquez was shot and killed outside of his home in Lubbock County. Appellant was arrested in Merkel, Texas, for the

crime. He was returned to Lubbock County and tried for murder. A jury convicted him and sentenced him to life imprisonment.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Counsel thus concludes that the appeal is without merit.

In reaching the conclusion that the appeal is without merit, counsel advances nine possible issues. Those issues reference possible trial court errors by: (1) denying appellant's motion to suppress where appellant, a citizen of Mexico, was not advised of his rights under the Vienna Convention before making a statement to the police; (2) overruling appellant's objections to the State's alleged attempt to commit the jury to a verdict of guilt on *voir dire*; (3) overruling appellant's objections to the State's alleged forcing of appellant's wife to invoke her privilege not to testify in the presence of the jury; (4) allowing the admission of appellant's custodial statements; (5) overruling appellant's objections to evidence used to impeach his testimony; (6) overruling appellant's objections to extraneous offense evidence used to impeach/rebut his testimony; (7) allowing admission of photographs of the victim of an extraneous assault; (8) overruling appellant's motion for mistrial for improper jury argument by the State during guilt-innocence; and (9) overruling

2

appellant's request to instruct the jury to disregard alleged improper jury argument by the prosecutor during the punishment phase of trial.

After referencing and analyzing the record of the trial and the applicable law, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has filed a response to counsel's motion and brief.

We have reviewed the record in connection with the possible issues presented by counsel for appellant. We have also reviewed the record in regard to the assertions by appellant in his response to his counsel's Anders brief.

Appellant's response focuses on trial court decisions which are reviewed for abuse of the trial court's discretion. Parts of his response urge that during the suppression hearing the trial court abused its discretion in various decisions, findings and rulings, including determining the voluntariness of his custodial statements. Appellant urges that an abuse of discretion occurred because the trial court's decisions, findings and rulings credited testimony of police officers over his own testimony. In making such response, however, appellant acknowledges and cites authority holding that at a suppression hearing, the trial judge is the trier of fact and exclusive judge of witness credibility and

3

weight to be given witness testimony. Appellant's conclusions of abused discretion on the part of the trial court do not comport with longstanding and well-established law concerning appellate deference to trial court discretion.

Appellant's response also ascribes the crime of aggravated perjury to one of the officers who testified at trial because the officer's testimony differed from his written report. His response cites the Penal Code and case law for elements of aggravated perjury, but totally fails to address the standard of appellate review for conflicts in evidence presented to a jury. Such standards entail legal and factual sufficiency of the evidence underlying decisions of the factfinder based on deference to the factfinder's resolution of conflicts in evidence and credibility questions. The standards do not call for or authorize our re-evaluation of evidence by substituting a view of the evidence favored by the losing party. When conflicting evidence is presented to a jury, it is well-established that the jury is to determine the credibility of the witnesses and the weight to be given their testimony. Where the testimonial evidence is conflicting and requires an evaluation of demeanor and credibility of witnesses, the jury is the final judge of the weight of the evidence. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). On appeal we do not disturb the jury's credibility determinations. Id. A decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State. Id. at 410. An appellate court is not to "find" facts, or to substitute its judgment for that of the jury. See Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Appellant's contention that

4

conflicts in the evidence resulted in aggravated perjury ignore established precedent and are meritless in the context of this record.

Appellant further responds that the trial court abused its discretion in allowing the State to impeach him at trial with extraneous offense evidence which appellant alleges was not disclosed in accordance with the trial court's pre-trial orders. In regard to this response, appellant once again recognizes that the trial court's decision is reviewed for abuse of discretion. Appellant does not address that part of the record in which the trial court afforded him a hearing outside the presence of the jury on the matters he now urges as arguable error, and ruled against appellant's position. Nor does he address the lack of evidence of harm, such as (1) any surprise to his counsel by the evidence, or (2) how his case would have been tried any differently had the extraneous offense evidence been disclosed earlier. In light of the record, appellant's assertions are meritless and present no arguable grounds for an appeal.

In addition to reviewing the record in connection with the possible issues addressed by appellant's counsel and the *pro se* response filed by appellant, we have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

5

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.